IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:18-CR-00004-JDK** |
| **v.** § | |
| § | |
| § | |
| **SHEDRICK LASHAE DONNELL** § | |
| § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 9, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Shedrick Lashae Donnell. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. On May 10, 2019, U.S. District Judge Jeremey Kernodle of the Eastern District of Texas sentenced Defendant below the guideline range to 46 months in prison, followed by 4 years of supervised release. Upon the Government's motion to reduce sentence pursuant to Fed. R. Crim. P. 35(b), Defendant's sentence was reduced to 34 months in prison, followed by 4 years of supervised release. Defendant's term of supervision was subject to the standard conditions of supervised release, plus special conditions to include financial disclosure and substance abuse testing and treatment. On

February 21, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited from any unlawful use of a controlled substance and was required to submit to periodic drug screening. In its petition, the government alleges that Defendant violated his conditions of supervised release when Defendant submitted urine samples that tested positive for marijuana, a controlled substance, on September 9, 2022, June 29, 2023, July 13, 2023, December 21, 2023, January 4, 2024, February 14, 2024, February 27, 2024, and March 6, 2024.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as referenced above, Defendant will have committed a Grade C violation. *See* U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. *See* U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 5 months with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Shedrick Lashae Donnells' plea of true be accepted, and that he be sentenced to a term of imprisonment of 5 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas if available.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 10th day of April, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE